AO 245B (8/96 Rev. locally 9/97)- Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK
## CENTRAL ISLIP DIVISION

UNITED STATES OF AMERICA

vs.

DONALD KERNS

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: CR 02-00880(S-2)-03 [LDW]

Defendant's Attorney: Terrence P. Buckley, Esq (CJA)
1 Suffolk Square Suite # 520
Islandia, NY 11722-1543

THE DEFENDANT:

__XX__ pleaded guilty to count 1 of a six-count superseding Indictment on March 1, 2005.
___ pleaded nolo contendere to count(s) which was accepted by the court.
___ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER(S) |
|---|---|---|---|
| 18 USC 371 | Conspiracy to Commit Securities and Mail Fraud | July 2000 | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and the Mandatory Victims Restitution Act of 1996.

___ The defendant has been found not guilty on count(s)
__XX__ All Outstanding Count(s) of all Superseding Indictments and Underlying Indictment are dismissed on the motion of the United States - AUSA Geoffrey R. Kaiser.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Date of Imposition of Sentence: August 11, 2005

Defendant's USM No.:    68249-053

LEONARD D. WEXLER
UNITED STATES DISTRICT JUDGE

DATE: August _12, 2005

A TRUE COPY ATTEST

DATE: August _____, 2005_____
ROBERT C. HEINEMANN
Clerk of Court

By: _____
JOSIAH KHARJIE, Courtroom Deputy

AO 245B (8/96 Rev. locally 9/97)- Probation

| | | |
|---|---|---|
| Defendant: | DONALD KERNS | Judgment - Page 2 of 5 |
| Case No.: | CR 02-00880(S-2)-03 [LDW] | |

## PROBATION

The defendant is hereby placed on probation for a term of **three (3) years..**

The defendant shall not commit another federal, state, or local crime and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C § 921.

    The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as directed by the probation officer.

        _ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

The defendant shall comply with the following standard conditions that have been adopted by this court.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instruction of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

14) if this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

AO 245B (8/96 Rev. locally 9/97)- Probation - additional conditions

Defendant:      DONALD KERNS                                                    Judgment - Page 3 of 5
Case No.:       CR 02-00880(S-2)-03 [LDW]

# PROBATION

The defendant shall also comply with the following additional conditions of probation:

XX    The defendant shall participate in the Home Detention program for a period of 6 MONTHS. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Central District of California, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

XX    The defendant shall make restitution in the total amount of $21.000 to be paid at a rate of 20% of net monthly income. Payments to be made payable to the Clerk of Court and disbursements to be made to each of the following victims listed below on a "Pro Rata" rate:

Xionics             ($4,500)   34 Village Wood Drive, Crete, IL 60417

Michael Ayers       ($1,500)   2325 Grand Blvd., Monroem, MI 48162

Ray Roncari         ($1,500)   P.O. Box 326, Windsor Locks, CT 06096

John Van Vuren      ($1,500)   4941 Adair Way, San Jose, CA 96124

Barry Adams         ($3,000)   17830 Prince Albert Court, Granger, IN 46530

Harold Kaufman      ($3,000)   443 Steven Avenue, West Hempstead, NY 11552

Karminder Chohan    ($3,000)   1109 Silver Oak Court, San Jose, CA 95120

Robert D. Moore     ($1,500)   242 N. Meridian, Rupert, ID 83350

John Van Vuren      ($1,500)   34 Village Wood Drive,  Crete, IL 60417

Michael Kazarian    ($1,500)   1343 Old County Road, Belmont, CA 94002-3922

AO 245B (8/96 Rev. locally 9/97) - Criminal Monetary Penalties

Defendant: DONALD KERNS
Case No.: CR 02-00880(S-2)-03 [LDW]

Judgment - Page 4 of 5

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B. The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

|         | Assessment | Fine  | Total Restitution |
|---------|------------|-------|-------------------|
| Totals: | $100.00    | $N/A  | $21,000           |

### FINE

The above fine includes costs of incarceration and/or supervision in the amount of $ N/A.

__ The court has determined that the defendant does not have the ability to pay interest. It is ordered that:

    __ The interest requirement is waived.
    __ The interest requirement is modified as follows:

### RESTITUTION

__ The determination of restitution is deferred until ___. An Amended Judgment in a Criminal Case will be entered after such a determination. The U.S. Attorneys Office is directed to provide the necessary information to the court.

XX The defendant shall make restitution to the following victims in the amounts listed below: SEE PAGE #3.

__ Restitution is ordered jointly and severally with:

| Name of Payee | Priority Order or Percentage of Total Amount of Loss | Amount of Restitution Ordered | Payment |
|---|---|---|---|
| Totals: | $ | $ | |

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column above.

The amount of loss and the amount of restitution ordered will be the same unless, pursuant to 18 U.S.C. §3664(f)(3)(B), the court orders nominal payments and this is reflected on Sheet 6, Statement of Reasons.

AO 245B (8/96 Rev. locally 9/97) - Criminal Monetary Penalties

Defendant: DONALD KERNS  
Case No.: CR 02-00880(S-2)-03 [LDW]  

Judgment - Page 5 of 5

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) non-federal restitution; (3) federal restitution; (4) fine principal; (5) costs; (6) interest; (7) penalties.

Payment of the total criminal monetary penalties shall be due as follows:

I. __XX__ In full

    A. __XX__ due immediately - ASSESSMENT..

    B. ___ on or before _____

II. ___ In installments

    A. ___ monthly in installments of $___ over a period of ___ months, to commence ___ days after date of this judgment.

    B. ___ in ___ installments of $___ over a period of ___ to commence ___ days after the date of this judgment.

Any payment ordered under Part II, must comply with 18 U.S.C. §3572, 18 U.S.C. §3664(n), and include a provision under 18 U.S.C. §3664(k) in which defendant must notify the court of any material changes in defendant's economic circumstances. Upon such notice, the court may adjust the installment payment schedule.

Special instructions regarding the payment of criminal monetary penalties pursuant to 18 U.S.C. §3664(f)(3)(A):

In the event the entire amount of criminal monetary penalties imposed is not paid prior to the commencement of supervision, the U.S. probation officer shall pursue collection of the amount due. The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.

___ The defendant shall forfeit the defendant's interest in the following property to the United States:

If this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk, U.S. District Court, unless otherwise directed by the court.